UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEVEREND K. MARKS,

        Petitioner,        Case Number: 4:21-CV-11490
                                        Hon. Stephanie Dawkins Davis

v.

MIKE BROWN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING
CERTIFICATE OF APPEALABILITY, AND DENYING
<u>LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL</u>**

Theverend K. Marks, a prisoner in the custody of the Michigan Department of Corrections, has filed a *pro se* petition for a writ of habeas corpus challenging his conviction for armed robbery, Mich. Comp. Laws § 750.529, and seeking immediate release from custody. For the reasons discussed, the Court dismisses the petition without prejudice and denies a certificate of appealability. The Court denies Marks leave to proceed *in forma pauperis* on appeal.

**I.     STANDARD**

Under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, the Court conducts a preliminary review of the petition. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The instant petition is subject to dismissal under this standard.

## II. DISCUSSION

Marks pleaded no contest in Macomb County Circuit Court to armed robbery. On January 3, 2019, he was sentenced to six to twenty years' imprisonment. He did not seek leave to appeal in the Michigan Court of Appeals or Michigan Supreme Court. (*See* ECF No. 1, PageID.2). Instead, he filed this habeas corpus petition arguing that the state-court criminal proceeding was a "sham legal process" and that he should be released. *Id.* at 33.

A state prisoner filing a petition for a writ of habeas corpus must first exhaust available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). The claims must be "fairly presented" to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). A petitioner fairly presents claims by asserting the factual and legal bases for the claims in the state courts, *id.*, and by raising them as federal constitutional issues.

*Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020).

A petitioner must comply with the exhaustion requirement as long as there is still a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available. Marks may file a motion for relief from judgment in the Macomb County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review from the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

The state courts must be given a fair opportunity to address Marks's claims before the claims are presented to this Court. The petition will be dismissed without prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Before Marks may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court

denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists would not debate the correctness of the Court's procedural ruling. Therefore, the Court denies a certificate of appealability.

## V.    ORDER

For the reasons given, **IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** and a certificate of appealability are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner may not proceed *in forma pauperis* on appeal because an appeal may not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge

Dated: October 27, 2021